UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JARED GRANT RIDDLE, )<br>)<br>Defendant. ) | No. 3:23-CR-109-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the parties' Joint Motion to Continue Trial Date [Doc. 42], filed on September 25, 2024.

The parties request that the Court continue the trial date [Doc. 42]. In support of the motion, they state that Defendant was charged in two separate indictments: *United States v. Riddle*, 3:23-CR-44 ("Riddle I"), and *United States v. Riddle*, 3:23-CR-109 ("Riddle II") [*Id.* ¶ 1]. The parties filed a plea agreement in Riddle I, in which the United States agreed to move the Court to dismiss the charges against Defendant in Riddle II [*Id.* ¶ 2].[1] The United States will do so at the sentencing for Riddle I, scheduled for December 19, 2024 [*Id.* ¶¶ 2–3]. The trial in Riddle II is scheduled to begin on October 22, 2024—before the sentencing in Riddle I [*Id.* ¶ 4]. The parties argue that continuing the trial date in Riddle II will preserve the parties' plea agreement and conserve judicial resources [*Id.* ¶ 7]. Defendant understands that all the time between filing the motion and a rescheduled trial date is excludable for speedy trial purposes [*Id.* ¶ 6].

---

[1] A change of plea hearing was held on April 19, 2024 [Riddle I, Doc. 76].

Based upon the information in Defendant's motion and because the parties jointly request the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would result in a miscarriage of justice because it would compromise the parties' compliance with the terms of the plea agreement in Riddle I. *See id.* § 3161(h)(7)(B)(i). The Court also finds that the time from Defendant Riddle's change of plea hearing on April 19, 2024, through his December 17, 2024 sentencing hearing in Riddle I is excludable in this case as "delay resulting from other proceedings concerning the defendant, including . . . delay resulting from trial with respect to other charges against the defendant." *Id.* § 3161(h); *see also Sylvester v. United States*, 868 F.3d 503, 511 (6th Cir. 2017) (indicating that courts broadly interpret "proceeding" under § 3161(h)(1)).

The Court therefore **GRANTS** the parties' Joint Motion to Continue Trial Date [**Doc. 42**]. The trial of this case is reset to **February 25, 2025**. A new, comprehensive trial schedule is included below. The Court finds that the time between the change of plea hearing in case 3:23-CR-44 and the new trial date for Defendant Riddle is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(B) & (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) The parties' Joint Motion to Continue Trial Date [**Doc. 42**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 25, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between Defendant Riddle's change of plea hearing on **April 19, 2024**, in case number 3:23-CR-44, and the new trial date

of **February 25, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 27, 2025**;

(5) the deadline for filing motions *in limine* is **February 10, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 11, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 14, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge